**LAW OFFICES OF JANE BECKER WHITAKER**
**PO BOX 9023914**
**SAN JUAN, PUERTO RICO 00902-3914**
**787 754-9191**
**787 764-3101**
janebeckerwhitaker@gmail.com
janebeckerwhitaker@yahoo.com

**Of Counsel**
**A.J. Bennazar**

**416 Ponce de León Ave.**
**Hato Rey, PR 00918**

January 18, 2016

Hon. Loretta A. Preska
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Barcia v. Sitkin,* 79 Civ. 5831 (LAP)
*United States ex rel. New York ex rel.*
*Rold v. Raff & Becker, LLP, et al.*, 14 Civ. 4393 (LAP), formerly EDNY CV 11-6374

Dear Chief Judge Preska:

On January 13, 2016, the New York Attorney General filed a letter motion to ask if the Court's January 6th order requiring court approval of *Barcia* attorneys' fees "prior to payment" includes Raff & Becker's December bill (of $105,199.08), since it "has not yet been processed for payment." The inquiry, to Raff & Becker's benefit, without any critical analysis of the attached bill, shows the persistent refusal of Government Defendants to stem the flow of money in *Barcia* and the need for Judge Rold's suit as a Relator to argue on behalf of taxpayers to stop the false claims in *Barcia* that divert federal grant money and pay unreasonable attorneys' fees.

Federal False Claims.

Raff & Becker's latest bill shows the ever-expanding involvement of the UIAB Chief Judge, its Executive Director, and various UIAB judges in non-appeal activity caused solely by plaintiffs' counsel in *Barcia*. The statement shows UIAB judge time diverted to discussions with Raff & Becker concerning: internal operating memoranda, personnel decisions, employee counseling, data retrieval, and preparations for more meetings. The summary statement has this footnote:

> NOTE: The month of December's time and billing continues to reflect the activities appearing in billings submitted since the start of unappealed audit monitoring, application of the Amelioration Plan, and goal negotiations.

The Amelioration Plan requires that UIAB judges spend time auditing their own prior decisions rather than deciding current cases, the only work contemplated by the UI federal grant. Raff and Becker's "unappealed audit monitoring" actually consists of audits of <u>those</u> audits. The grant requests to the USDoL conceal the use of federal money for New York's unemployment judges to spend significant time away from current appeals responding to Raff & Becker audits of their own audits of cases that were never appealed. Unappealed cases require no further review at all, under the federal standards for UI administration to which the state certifies it is complying as a condition of its grant for the Appeals Board. The entire Amelioration Plan, which also provided for UIAB interaction with Raff & Becker in performance review of individual judges, is a false claim diversion of federal money.

<u>New York False Claims</u>.

• *Multiple Billing*. Four people billed for a 2.7-hour meeting on *Barcia* on December 1st: partner David Raff (at $620/hour), partner Robert Becker (at $600/hour), Associate Maria Guarnier (at $410/hour), and computer data analyst Mary Weiner (at $250/hour) – costing New York taxpayers $1,880/hour, or a total of $5,076. The statement has other entries showing various firm participants billing individually for discussing things with one another.

• *Review of Unappealed Cases.* As briefed, the Amelioration Plan expands *Barcia* post-judgment discovery beyond the parameters delimited in *Barcia v. Sitkin*, 367 F.3d 87, 105-110 and n. 23 (2d Cir. 2004), including UIAB judges' auditing of their own unappealed decisions. Raff & Becker then charge for their audits of these audits, adding an "Of Counsel" attorney's time of nearly 80 hours in December for this function. (By Raff & Becker's own numbers, he found no problem in about 80% of such cases.)

• *Monitoring of Employee Counselling.* All counsel billed for review of UIAB employee "counseling" – including advice on how to determine "ALJ's most in need of improvement." David Raff billed approximately 14 of his 81 hours in December on activities related to employee "counseling." Associate Guarnieri billed 14.2 of her 16.9 hours for "counseling." This is the sort of involvement in non-constitutional administration of state agencies in the guise of federal litigation that the Second Circuit rejects -- *see Dean v. Coughlin*, 804 F.3d 207, 214 (2d Cir. 1986).

• *Review of Stale Cases.* David Raff billed for reviewing over twenty-five 900,000 series appeals cases (dating from the 1990's), but he wrote no letters about them.

• *Data and Computer Entry Charges.* Raff and Becker's statement lists two employees added for *Barcia* data and computer work (at $250/hour), billing 35 hours in December, exclusive of time David Raff billed for his meetings with one of them.

• *Billing Overhead.* Raff & Becker bill for local telephone, for collating, for proof-reading, and for separating files into electronic and hard copies (at $130/hour).

The New York Attorney General's letter merely asks if Raff & Becker's bill should be "processed," with no comment on its excesses. Were Judge Rold not acting as Relator asserting claims under the federal and state False Claims Act, there would be no adversary process in *Barcia*. On information and belief, Raff & Becker's December bill will be shown to resemble

the 71 other false claims they have made for attorneys' fees in the six years since Judge Rold was fired.

We note that Raff & Becker's statement says that their November charges ($92,057.94) have not been paid as of December 31. We ask the court to include both months in its order prohibiting the payment of any attorneys' fees in *Barcia* without the Court's authorization to mitigate damages in the *qui tam* action.

Respectfully,

Jane Becker
Steven A. Rosen