**LAW OFFICES OF JANE BECKER WHITAKER**
**PO BOX 9023914**
**SAN JUAN, PUERTO RICO 00902-3914**
**787 754-9191**
**787 764-3101**
janebeckerwhitaker@gmail.com

**Of Counsel**                                                   416 Ponce de León Ave.
**A.J. Bennazar**                                               Hato Rey, PR 00918

February 12, 2016

Hon. Loretta A. Preska
Chief United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Barcia v. Sitkin*, 79 Civ. 5831 (LAP)
        *United States ex rel. New York ex rel.*
        *Rold v. Raff & Becker, LLP, et al.*, 14 Civ. 4393 (LAP), formerly EDNY CV 11-6374

Dear Chief Judge Preska:

        We write to request to meet with the Court in *United States ex rel. Rold v. Raff & Becker*
["*Rold*"] for two related reasons: (1) to assist the parties with settlement discussions in *Rold*; and
(2) to hold a pre-motion conference on Relator Rold's anticipated motion to intervene in the
*Barcia* litigation.   We understand that the Court has already scheduled a *Barcia* conference for
February 24th, and Ms. Becker has pre-existing plans to be in New York City February 22-24 for
a meeting with opposing counsel on *Rold* on February 23 and for another matter.

Supervised Settlement Discussions in *Rold*.

        We have had several discussions with attorneys for the incumbent government
defendants on parameters for settlement of *Rold*, but there has been no progress on the federal
*qui tam* claims because counsel will not discuss them (even on an *arguendo* basis).   Defendants
insist: (1) that there has been no diversion of federal grant money, despite use of judges' time
listening to hundreds of hours of audiotapes of unappealed closed cases, contrary to the federal
grant (as to damages for past diversion of federal funds); and (2) that any discussion of changes
in the UIAB's current use of federal funding is part of *Barcia*, not *Rold* (as to injunctive relief to
stop continuing diversion of federal money).   Without the Court's supervision, settlement
discussions are seriously off track.

Hon. Loretta A. Preska                                      Re:  *Barcia; U. S. ex rel. Rold*
Chief United States District Judge
February 12, 2016
Page 2

Intervention in *Barcia*.

The *Rold* Second Amended Complaint requests that the Court enjoin Government Defendants from "diverting federal funds allocated for hearing unemployment appeals to monitoring in perpetuity and from exaggerating the number of appeals processed and falsifying the timeliness of the processing." The Government Defendants can use their unemployment judges however they wish, so long as they pay for it from the New York State budget. If they are using federal money contrary to grant specifications, however, they are continuing to file false claims with the United States Department of Labor.

When we asked Government Defendants' counsel to join us in suggesting that the Court suspend the *Barcia* consent decree for six months followed by an independent audit of the UIAB, they said they have no authority to have such discussions because the issue fell under the rubric of *Barcia* and referred us to the New York Attorney General. When we contacted the AG, government counsel answered for them and said that neither they nor the AG would reply to us about *Barcia*. Since defendants insist that Judge Rold's claims for injunctive relief can only be discussed in *Barcia* and that Judge Rold cannot discuss them there, he has no alternative as Relator but to seek intervention. F.R.C.P. 24(a)(2) provides for intervention "of right" when the movant is "so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The federal injunctive *qui tam* claims in *Rold* completely overlap with the ongoing settlement discussions in *Barcia*. Indeed, *Rold* has been the impetus for the current reassessments in *Barcia*. The settlement discussions in *Barcia* could impede Relator Rold's ability to pursue his claims on behalf of federal and New York taxpayers. Should Raff & Becker argue, e g., that they just need "another three years" for *Barcia* to wind down, the Court will not only face the same collusive legerdemain that has persisted for thirty years, but there is a real possibility that the Court could approve what amounts to continuing collusion and diversion of federal money without the taxpayers' Relator ever being heard. Counsel in *Barcia* have not been genuinely adversarial for decades, and they have repeatedly engaged in stipulations by consent and rubber-stamping of fees.

It would not be surprising to hear from defendants that the *Barcia* parties are getting along swimmingly without Judge Rold. That has been their pattern for thirty years. Relator Rold has no interest in delaying the wheels of justice in a *Barcia* settlement, but he is concerned that those wheels not run over the taxpayers. No party in the *Barcia* litigation represents that interest.

"Rule 24(a)(2) is a nontechnical directive to courts that provides the flexibility necessary 'to cover the multitude of possible intervention situations.'" *United States v. Hooker Chemicals & Plastics,* 749 F.2d 968, 983 (2d Cir. 1984) *quoting Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Products, Inc.,* 725 F.2d 871, 874 (2d Cir.1984). Barring frivolous allegations, the merits of intervenor's claims are not relevant. *Brennan v. NYC Board of Education,* 260 F.3d 123, 129 (2d Cir. 2001). In *Brennan,* the Second Circuit held that the District Court had abused its discretion in denying the union's intervention. In the litigation about stop-and-frisk policy in

Hon. Loretta A. Preska                                    Re:   *Barcia; U. S. ex rel. Rold*
Chief United States District Judge
February 12, 2016
Page 3

New York City, police unions sought to intervene during settlement discussions after judgment on liability. The Circuit remanded this issue to the District Court "for the purposes of supervising settlement discussions among such concerned and interested parties as the District Court deems appropriate." *Ligon v. City of New York,* 743 F.3d 362, 365 (2d Cir. 2014).

The Court has ample authority - under F.R.C.P. 24, under its duty to consider the public interest in its exercise of equitable jurisdiction under Rule 65, and under Rule 23's requirement that it supervise class actions - to permit intervention in *Barcia*. Given the allegations in *Rold* and Relator's inability to protect against action in *Barcia* to frustrate the goals of the *qui tam* litigation, intervention should be granted to assure an end to fraud on the federal government and a just and equitable resolution of the legal questions presented in both cases.

The *Rold* and *Barcia* cases are intertwined and they should be settled in tandem. Per the Court's Individual Practice Rule 2.A, we remind opposing counsel that papers opposing the request for a pre-motion conference (limited to three pages) are due within three business days.

Respectfully submitted,

Jane Becker
Steven A. Rosen

cc:     Counsel of Record
        US Attorney, SDNY
        NY Attorney General