UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------x

UNITED STATES OF AMERICA, *ex rel.*,
STATE OF NEW YORK, *ex rel.*,
WILLIAM J. ROLD,

                    Plaintiffs,

          v.

RAFF & BECKER, LLP, *et al*,

                    Defendants.

14-cv-4393(LAP)

## ORDER

    1. The Court has reviewed the attached Settlement Agreement presented by Plaintiff and the defendants M. Patricia Smith, Leonard D. Polletta, Colleen C. Gardner, and Peter M. Rivera, and approves and so orders it, including dismissal of Plaintiff's claims under the False Claims Acts and dismissal without prejudice of the claims of the United States and the State of New York under the False Claims Acts. Because of reservation of rights by the sovereign, the Court finds that the settlements are in the public interest under 31 U.S.C. § 3730 (b)(1). The objective of Plaintiff's false claims Action was substantially achieved insofar as federal court involvement in the UIAB under *Barcia* has been substantially reduced. This justifies the bifurcated dismissal consistent with federal and state law.

    2. Upon plaintiff's counsel's certification to the Court that the Settlement Amount of $3,650,000 has been paid, which shall be made upon receipt of payment, ~~this Order shall be filed with the Clerk of the Court, and~~ the federal False Claims Act claims and New York State False Claims Act claims against M. Patricia Smith, Colleen Gardner, Peter Rivera, and Leonard Polletta shall be dismissed without prejudice.

1

3. Upon plaintiff's counsel's certification to the Court that the Settlement Amount of $3,650,000 has been paid, which shall be made upon receipt of payment, ~~this Order shall be filed with the Clerk of the Court; and~~ Plaintiff's claims on his own behalf under 42 U.S.C. §§1983, 1985, and 1988 and pendent claims under the New York State Constitution shall be dismissed with prejudice.

4. New York Department of Labor Commissioner Roberta Reardon, (and her successors) and Unemployment Insurance Appeal Board Chair Geraldine A. Reilly (and her successors), in their official capacities, are substituted as parties defendant to assure compliance with the Settlement Agreement and with this Stipulation, under F.R.C.P. 25(d).

5. Payment under the Settlement Agreement shall be made within thirty (30) days of the receipt of the Medicare documents by Linklaters, LLP, *which the Court understands have been received*.

6. Because: (1) defendants deny any liability for back or front pay or employment benefits; (2) defendants deny any liability for alleged false claims, and no disgorgement has been ordered of which Plaintiff may have claimed a "Relator's Share"; and (3) Plaintiff has been on disability until his voluntary resignation, the parties agree that all moneys paid on his behalf are compensatory damages for settlement of his claims for pain and suffering from physical injuries.

7. The Court finds the following: Two reports, Dr. Charles Cornell's September 2010 surgical operative report and a November 2012 Independent Medical Examination ("IME") report to an insurance carrier, show that by the time of Judge Rold's surgery in August 2010, the condition of his right hip had deteriorated severely to the point of "massive osteolysis," where his bones were dissolving, the cup portion of the ball and socket joint was completely dislodged, a "huge amount of metallosis" (abraded metal from his prosthetic hip) lined the entire joint space, and the metal-burdened synovium, which normally keeps metal implants from rubbing on bone, had to be completely excised along with much of the soft tissue in the vicinity of the hip joint. The defect found

in the joint after all of this excision was "massive." Additional bone had to be removed to make way for the new implant, and the surgeon had to try several arrangements before finding one that seemed to work. After the surgery, Judge Rold's right leg was 3 centimeters shorter than his left leg, and he consequently suffered severe pain and disability. The IME documents his condition as "degenerative" and noted that Judge Rold needed "special crutches" (which he had not been using) to "protect the area" while he awaited surgery requiring a custom prosthesis. Judge Rold's injuries occurred gradually (not all at once, as with the original motor vehicle accident), and the IME confirms this.

Based on Judge Rold's representation that he continued to work at the UIAB in 2008 and 2009 despite his severe pain and difficulty ambulating, and he did not seek surgical intervention sooner because he dedicated himself in those years to complete his mission at the UIAB – *inter alia,* bringing an end to *Barcia* – and Rold's counsel's representation that an expert witness would opine that had Judge Rold scheduled his surgery a year or two earlier, the deterioration of his hip joint would not have been so severe, and he would not have been disabled to the extent he was or suffered such extreme pain, the Court finds that the payments made to him in settlement of this action are solely compensation for physical injury.

8. Thus, the Complaint in this action is deemed amended pursuant to Federal Rule of Civil Procedure 15 (c)(1)(B) because it "arose out of the conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading…" As a consequence, it is entirely reasonable for any settlement paid to Judge Rold to be characterized as non-taxable compensation for his physical injury. *See* 26 C.F.R. §104-1 (c).

So Ordered.
March 1, 2018

_____
Senior Judge Loretta A. Preska

3