UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA, *ex rel.*,
STATE OF NEW YORK, *ex rel.*,
WILLIAM J. ROLD,

                  Plaintiffs,

v.

RAFF & BECKER, LLP, *et al.*,

                  Defendants.

14-cv-4393 (LAP)

---

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") is made by and between Plaintiff William J. Rold ("**Plaintiff**") and Defendants Colleen C. Gardner, Peter M. Rivera, M. Patricia Smith, and Leonard D. Polletta, with New York Department of Labor Commissioner Roberta Reardon and New York Unemployment Insurance Appeal Board Chair Geraldine A. Reilly, in their official capacities (and their successors), substituted as additional party defendants under Fed. R. Civ. P. 25(d) to assure compliance with this Settlement Agreement (the "**Defendants**" and, together with Plaintiff, the "**Parties**").

WHEREAS, this action (the "**Action**"), alleges claims pursuant to the Federal False Claims Act (31 U.S.C. § 3729, et seq.), the New York False Claims Act (N.Y. State Fin. Law § 187, et seq.), 42 U.S.C. §§ 1983 and 1985, the New York State Constitution, and New York common law related to Plaintiff's employment with the New York Department of Labor, and the Parties now desire to resolve the Action solely to avoid the expense and

burden of further litigation; and they make no admission, including as to the strengths or weaknesses of their allegations or defenses.

NOW, THEREFORE, the Parties agree as follows:

1. **Dismissal of the Actions**

The Action and all claims asserted therein against Defendants by William J. Rold on his own behalf are dismissed with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and without payments in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

Dismissal of the Action is without prejudice as to the United States and the State of New York.

Plaintiff will dismiss with prejudice all appeals related to *Barcia v. Sitkin, et al.*, No. 79-5831 (S.D.N.Y. filed Oct. 26, 1979) ("*Barcia*"). Plaintiff further agrees and covenants that neither he, nor any person, organization or other entity on his behalf, will make, file, charge, claim, sue or cause or permit to be filed, charged, or claimed, any claim or civil action or legal proceeding (including any appeal, action for damages, injunctive, declaratory, monetary or other relief) involving any matter related to *Barcia*. Plaintiff acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement. Notwithstanding anything to the contrary in this Settlement Agreement, all current and future defendants in *Barcia* reserve all rights and privileges necessary to comply with current and future orders of the Court in *Barcia*.

2. **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Agreement, and subject to Paragraphs 4, 5, and 9, the State of New York shall pay on behalf of the Defendants the total amount of THREE MILLION SIX HUNDRED FIFTY THOUSAND DOLLARS ($3,650,000.00) (the "**Settlement Amount**") in full and complete satisfaction of all claims that

2

were or could have been asserted in the Action, as well as for attorneys' fees, costs, disbursements, and expenses related to the Action. The Settlement Amount shall be made payable to "Jane Becker, as attorney" and picked up by Ms. Becker at Linklaters LLP.

### 3. Nature of the Payment

The Parties agree that no portion of the Settlement Amount resolves any claims of Plaintiff brought pursuant to the Federal False Claims Act (31 U.S.C. § 3729, et seq.) or the New York False Claims Act (N.Y. State Fin. Law § 187, et seq.).

### 4. State Approval of Payments on Behalf of the State Defendants

The payment of the Settlement Amount is subject to the approval of all appropriate State officials, in accordance with N.Y. Public Officers Law § 17 and other laws. Plaintiff and his counsel agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment, including but not limited to a notarized Affidavit of Status of Medicare Eligibility (the "**Medicare Affidavit**") and the attachments required by the Medicare Affidavit. Plaintiff and Plaintiff's counsel acknowledge and understand that receipt of the fully executed Medicare Affidavit and its attachments is a prerequisite to payment of the Settlement Amount. In the event such approval is not obtained, this Settlement Agreement shall be null, void, and of no further force and effect.

### 5. Accrual of Interest

In the event that payment of the Settlement Amount is not made within thirty (30) calendar days, excluding legal holidays, after receipt by the Office of the State Comptroller of all properly completed documentation, including the documentation referred to in Paragraphs 4 and 9, and unless the Court finds that exceptional circumstances precluded such payment, interest on the unpaid portion of the Settlement Amount shall begin to run on the thirty-first day at a statutory rate pursuant to 28

U.S.C. § 1961. If, prior to payment of the Settlement Amount, Plaintiff contests any amount claimed by Medicare due as a reimbursement (the "**Medicare Dispute**"), no interest shall accrue during the pendency of the Medicare Dispute, and the Settlement Amount shall only be paid upon a final resolution of the Medicare Dispute.

6. **Plaintiff's Liability With Respect to Taxes**

Any taxes, or interest or penalties on taxes, on any portion of the Settlement Amount shall be the sole and complete responsibility of Plaintiff, and Plaintiff shall have no claim, right, or cause of action against any of the Defendant Parties on account of such taxes, interest, or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that any of the Defendant Parties are liable for the failure of Plaintiff to pay federal, state, or local income or other taxes or withholdings with respect to any portion of the Settlement Amount, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify the Defendant Parties for such liability with respect to any portion of the Settlement Amount, so long as Plaintiff has been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by the Defendant Parties.

7. **Mutual Releases**

For and in consideration of the Settlement Amount which is a material inducement for the Parties to agree to this Settlement Agreement, and other good and valuable consideration, the sufficiency of which the Parties hereby acknowledge, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, attorneys, and assigns (collectively, the "**Plaintiff Parties**"), hereby releases, waives, and forever discharges the Defendants, the State of New York, the New York State Office of the Governor, the New York Department of Labor, including the Unemployment Insurance Appeal Board, the New York State Office of the

Attorney General, and the New York State Department of Civil Service, together with all of their present and former agencies, principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, instrumentalities, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their personal or official capacities (collectively, the "**Defendant Parties**"), and the Defendant Parties, through their authorized counsel, hereby release, waive, and forever discharge the Plaintiff Parties from all manner of claims or actions whatsoever, that the Plaintiff Parties or Defendant Parties ever had against some, any, or all of the opposing Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever from the beginning of the world up to and including the date this Settlement Agreement is so-ordered by the Court. However, nothing in this paragraph shall prevent the State of New York from asserting any manner of claims or actions against Plaintiff regarding taxes he may owe, or Plaintiff from asserting any manner of claims or actions against the State of New York regarding refunds regarding such taxes allegedly due to him. Further, nothing in this paragraph is intended to: (a) release any claims Plaintiff may have in connection with his insurance coverage through or premiums paid to the New York State Health Insurance Program ("**NYSHIP**"), including against the New York State Department of Civil Service; (b) prevent Plaintiff's counsel from representing clients in any matter not waived in this Settlement Agreement; or (c) waive any claims Plaintiff's counsel may hold in their individual capacities and not related in any way to Plaintiff.

8.  **Liens**

Plaintiff is not aware of any liens that have been asserted against the settlement payment set forth above and agrees that none of the Defendant Parties shall be responsible for any liens of any kind which may attach to the Settlement Amount, and that Plaintiff shall have no claim, right, or cause of action, and will hold the Defendant Parties harmless for the satisfaction of any

5

such liens.

9. **Medicare Certification and Liability of Plaintiff for any Medicare Liens**

Plaintiff represents and warrants that, to the extent of his knowledge, he is not subject to any Medicare liens. In addition to providing the Medicare Affidavit, Plaintiff agrees to notify Medicare and obtain a Conditional Payment Letter and/or Final Demand Letter for medical treatment and/or prescription medication paid by Medicare relating to the injuries alleged in this Action and covered by this Settlement Agreement, including any orders of the Court relating to this Settlement Agreement. Plaintiff acknowledges and understands that a Medicare Set-Aside Trust may also be required, pursuant to 42 U.S.C. § 1395y(b) and 42 C.F.R. §§ 411.22 through 411.26, if future anticipated medical costs are found to be necessary and in accordance with the Medicare Affidavit. Plaintiff agrees to defend, indemnify, and hold harmless the Defendant Parties regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. If there exist any Medicare liens, the Defendant Parties reserve the right to issue a multi-party settlement check, naming Medicare as a payee, or to issue a check to Medicare directly. Upon receipt of all required documentation under this paragraph and Paragraphs 4 and 5, payment of the Settlement Amount shall be made in accordance with the terms set forth herein.

10. **Plaintiff's Termination**

Plaintiff informed counsel for the Defendant Parties of his termination effective December 31, 2017 after having been on medical disability leave since March 6, 2010. Plaintiff agrees that he is not entitled to, and will not claim or seek at any time, any purported pension, entitlement or other benefit under the New York State and Local Retirement System (NYSLRS) arising out of his employment with the State of New York, but he maintains whatever rights otherwise accompany termination. For the avoidance of doubt, the releases set forth in

Paragraph 7 of this Settlement Agreement apply to any purported claims Plaintiff may assert involving any benefit addressed in this paragraph. Plaintiff acknowledges that this paragraph constitutes a material inducement for Defendants to enter into this Settlement Agreement.

11. **Unsealing Documents**

Any judicial documents that have been sealed in the Action will be unsealed and made public as required by *U.S. v. County of Erie*, 763 F.3d 235 (2d Cir. 2014), with the exception of all communications between the Court and the United States prior to the United State's declination of intervention in the Action, as well as portions of documents protected from disclosure by Federal Rule of Evidence 408 and Judge Preska's Practice Rule 1.

All mediation discovery documents shall be returned to the Party who produced such documents.

12. **Return of Property**

Plaintiff will deposit with the Court all documents, property, equipment, or any other material, including all full or partial reproductions or copies thereof, in whatever media, related to his employment with the State of New York, or material otherwise relating to this Action, including privileged or confidential materials in his possession, custody, or control, which he obtained during or after his employment, but excluding any documents Plaintiff lawfully obtained through the New York Freedom of Information Law, N.Y. Pub. Off. Law §§ 84–90 ("**NY FOIL**") or documents that either he or his counsel created for the purpose of this Action (collectively, the "**Relevant Documents**").

The Court shall maintain the Relevant Documents under seal (the "**Sealed Documents**"). To the extent Plaintiff is in the possession of Relevant Documents provided to him by someone other than himself, Plaintiff may take reasonable measures to redact or otherwise withhold any personal identifying information which may disclose the identity of the person(s) who provided Plaintiff such

7

Relevant Documents. To the extent such measures are not possible, the Court may maintain such Relevant Documents under a further protective seal (the "**Double-Sealed Documents**" and, together with the Sealed Documents, the "**Documents**"). The Court shall maintain the Documents until and through January 1, 2024 (the "**Expiration Date**"), after which date the Court shall dispose of the Documents.

Plaintiff shall be under a continuing obligation to place Relevant Documents under the care of the Court until and through the Expiration Date. To the extent Plaintiff discovers any Relevant Documents or any Relevant Documents come into Plaintiff's possession, custody, or control after the Expiration Date, Plaintiff shall immediately destroy such Relevant Documents.

Plaintiff and the Defendant Parties shall be permitted to view the Documents on two days' written notice to the Court; provided, however, that the Defendant Parties may not view the Double-Sealed Documents. If Plaintiff wishes to use or disclose any of the Documents in any way, including by making copies, he may make a written request to the Court, together with a copy to the New York Department of Labor, and the Court shall grant Plaintiff's request unless doing so will be contrary to, or interfere with: (a) federal and New York State privileges, including the attorney-client privilege, the deliberative process privilege, work-product privilege, and executive privilege; (b) federal and New York State laws concerning private health care information, including the Health Insurance Portability and Accountability Act of 1996; (c) federal and New York State laws concerning personal privacy, including the New York Personal Privacy Protection Law, N.Y. Pub. Off. Law § 91 *et seq.*; (d) law enforcement investigations or judicial proceedings; or (e) any person's right to a fair trial or impartial adjudication.

Neither Plaintiff nor the Defendant Parties shall be liable for the inadvertent loss of the Documents maintained by the Court. Plaintiff, or Plaintiff's counsel, shall submit a writing to the Court indicating that Plaintiff: (1) has placed all Relevant Documents with the Court; (2) no longer

possesses, has custody of, or controls any Relevant Documents; (3) is under a continuing obligation to place Relevant Documents with the Court until and through the Expiration Date; and (4) will, following the Expiration Date, destroy any Relevant Documents he discovers or that otherwise come into his possession, custody, or control.

### 13. No Other Action Initiated

Other than the Action, his grievance, the appeal of his grievance, and the ethical complaint against Senior Judge Mammen with the Third Department of the Appellate Division of the New York Supreme Court, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against any of the Defendant Parties, on his own behalf and/or on behalf of any other person; that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, except the appeal of his grievance; and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

### 14. No Future Action

Plaintiff agrees and covenants that, except as may be necessary to enforce this Settlement Agreement, neither he, nor any person, organization or other entity on his behalf, will participate or attempt to intervene in, make, file, charge, claim, sue or cause or permit to be filed, charged, or claimed, any claim or civil action or legal proceeding (including any action for damages, injunctive, declaratory, monetary or other relief) against any of the Defendant Parties involving any matter related to the claims raised or which could have been raised in the Action or in *Barcia*. Plaintiff acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement.

Plaintiff agrees not to provide any assistance, except as required by law, to anyone, other than the United States, in the bringing or pursuit of a False Claims Act claim or a New

York *qui tam* claim based upon the allegations raised in this Action or in *Barcia*.

15. **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

16. **Third Parties**

This Stipulation is not intended for use by any third party in any other proceeding

17. **Reserved Rights**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop any of the Parties, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any allegation or defenses in said actions or proceedings, except that the Settlement Agreement and the Court's findings may be used by Plaintiff in proceedings regarding the nature of his recovery in this litigation.

18. **Binding Effect on Successors and Assigns**

This Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each Party.

19. **Authority**

All Counsel for parties to this Settlement Agreement hereby represent and warrant that they have the requisite authority to enter into this Settlement Agreement on behalf of their clients and that their clients have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

20. **Voluntary Agreement**

The Parties have consulted counsel with respect to the terms of this Settlement Agreement, and they enter into this Settlement Agreement voluntarily.

21. **Negotiated Agreement**

The Parties acknowledge that each Party has participated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any Party.

22. **Entire Agreement**

This Settlement Agreement, together with any Order(s) of the Court approving or relating to this Settlement Agreement, constitute the entire agreement between the Parties and may not be modified except in a writing duly executed by the affected Parties hereto or their authorized representative(s) and approved by the Court.

23. **Severability**

If any part of this Settlement Agreement should ever be determined to be unenforceable, it is agreed that this will not affect the enforceability of any other part or the remainder of this Settlement Agreement; provided, however, that upon a finding in a judicial proceeding that any release and waiver provided for in this Settlement Agreement is illegal, void or unenforceable, the Parties agree to execute a release and waiver of comparable scope that is legal and enforceable.

24. **Headings**

Headings used in this Settlement Agreement are for convenience only and do not form a part of the Settlement Agreement.

25. **Governing Law**

The terms of this Settlement Agreement shall be governed by, and construed in

accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

### 26. Jurisdiction

The Court presiding over the Action shall have continuing and exclusive jurisdiction to resolve all disputes arising out of or in any way relating to this Settlement Agreement.

*[Signature page to follow]*

IN WITNESS WHEREOF, Counsel acknowledge that they have read this Settlement Agreement, and accept and agree on behalf of their respective clients to the provisions contained herein.

Dated: New York, New York
*February 5*, 2018

| | |
|---|---|
| *[signature]*<br>Jane Becker Whitaker<br>Law Offices of Jane Becker Whitaker<br>P.O. Box 9023914<br>San Juan, Puerto Rico 00902<br>(787) 754-9191<br>janebeckerwhitaker@gmail.com<br><br>Steven A. Rosen<br>Law Offices of Steven A. Rosen<br>271 Madison Avenue, Suite 1404<br>New York, New York 10017<br>(212) 599-3970<br><br>*Attorneys for Plaintiff William J. Rold* | *[signature]*<br>Adam S. Lurie<br>Linklaters LLP<br>601 Thirteenth Street NW<br>Suite 800 North<br>Washington, D.C. 20005<br>(202) 737-0657<br>adam.lurie@linklaters.com<br><br>*Attorneys for Defendants Colleen C. Gardner, Peter M. Rivera, Roberta Reardon, and Geraldine A. Reilly* |
| *[signature]*<br>Hanan B. Kolko<br>Richard F. Guay<br>Meyer, Suozzi, English & Klein, P.C.<br>1350 Broadway<br>New York, NY 10018<br>(212) 239-4999<br>hkolko@msek.com<br>rguay@msek.com<br><br>*Attorneys for Defendant Leonard D. Polletta* | *[signature]*<br>Andrew G. Celli<br>Ogilvie A. F. Wilson<br>Emery Celli Brinckerhoff & Abady, LLP<br>600 Fifth Avenue, 10th Floor<br>New York, NY 10020<br>(212) 763-5000<br>acelli@ecbalaw.com<br>awilson@ecbalaw.com<br><br>*Attorneys for Defendant M. Patricia Smith* |

SO ORDERED
*[signature]*
LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
*March 1, 2018*