

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA, *ex rel.*,
STATE OF NEW YORK, *ex rel.*,
WILLIAM J. ROLD,

            Plaintiffs,

v.

RAFF & BECKER, LLP, *et al.*,

            Defendants.

------------------------------------------------------------x

14-cv-4393 (LAP)

## SETTLEMENT AGREEMENT

This Settlement Agreement (the "**Settlement Agreement**") is made by and between Plaintiff William J. Rold ("**Plaintiff**") and Defendants Raff & Becker, LLP, David A. Raff, and Robert L. Becker, ("the Law Firm Defendants" or "LFD") (The Law Firm Defendants and Plaintiff are referred to collectively as the "Parties").

WHEREAS, on December 30, 2011, Plaintiff filed the instant wrongful termination, civil rights and *qui tam* action ("the Action") pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729(a) 3730(b), 3730(h), and the New York State False Claims Act, State Finance Law §§ 187, *et seq.*, and 42 U.S.C. §§ 1983, 1985, and 1988, and the New York Constitution, for the alleged violation of his constitutional rights; and

WHEREAS, Plaintiff is represented by Jane Becker Whitaker, Esq. and Steven A. Rosen, Esq. ("Plaintiff's Counsel") and the Law Firm Defendants are represented by Lewis Brisbois Bisgaard & Smith, LLP ("LFD's Counsel"); and

WHEREAS, the Parties herein now desire to resolve the Action solely to avoid the expense and burden of further litigation; and they make no admissions, including as to the strengths or weaknesses of their allegations or defenses.

NOW, THEREFORE, the Parties agree as follows:

1. **Dismissal of the Actions**

The Court has, by an Order dated July 26, 2018, dismissed with prejudice all causes of action alleging, in Plaintiff's capacity as Relator, that Law Firm Defendants violated or participated in violating the *qui tam* provisions of the False Claims Act, 31 U.S.C. §§ 3729(a) 3730(b), 3730(h), and the New York State False Claims Act, State Finance Law §§ 187 *et seq.*, but without prejudice to the claims of the United States and the State of New York. Upon the consummation of this Settlement Agreement all remaining causes of action asserted in the Action by Plaintiff on his own behalf are dismissed with prejudice as to the Law Firm Defendants, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and without payments in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

The LFDs shall not seek costs or attorneys' fees from Plaintiff or his attorneys in any case. Plaintiff agrees and covenants that neither he, nor any person, organization or other entity on his behalf, will make, file, charge, claim, sue or cause or permit to be filed, charged, or claimed, any claim or civil action or legal proceeding (including any appeal, action for damages, injunctive, declaratory, monetary or other relief) involving any matter related to *Barcia*.

The Parties acknowledge that these representations constitute material inducements for then to enter into this Settlement Agreement.

2.  **Payment to Plaintiff**

In full consideration of Plaintiff's execution of this Settlement Agreement, the Law Firm Defendants shall pay the total amount of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) (the "**Settlement Amount**"). The Settlement Amount, shall be made payable to "Jane Becker, as attorney" in full and complete satisfaction of any and all claims. The foregoing payment shall be delivered by mail or Federal Express to Plaintiff's counsel Jane Becker at the following address: VIG Tower, 1225 Ponce de Leon Avenue, Suite 1102 San Juan, Puerto Rico 00907.

3.  **Nature of the Payment**

The Parties agree that no portion of the Settlement Amount is related to resolving any claims of Plaintiff brought pursuant to the Federal False Claims Act (31 U.S.C. §§ 3729, *et seq.*) or the New York False Claims Act (N.Y. State Fin. Law §§ 187, *et seq.*).

4.  **Accrual of Interest**

In the event that payment due pursuant to Paragraph 2 is not made within thirty (30) calendar days, excluding legal holidays, after receipt by LFD's Counsel of a fully executed Settlement Agreement, and a W-9 for Plaintiff's Counsel Jane Becker, and unless the Court finds that exceptional circumstances precluded such payment, simple interest on the unpaid portion of the Settlement Amount shall begin to run on the thirty-first day at a statutory rate pursuant to 28 U.S.C. § 1961.

5.  **Plaintiff's Liability With Respect to Taxes**

Any taxes, or interest or penalties on taxes, on any portion of the Settlement Amount shall be the sole and complete responsibility of Plaintiff, and Plaintiff shall have no claim, right, or cause of action against the Law Firm Defendants, their insurer Continental

Casualty Company, or LFD's Counsel on account of such taxes, interest, or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that the Law Firm Defendants, their insurer Continental Casualty Company, or LFD's Counsel are liable for the failure of Plaintiff to pay federal, state, or local income or other taxes or withholdings with respect to any portion of the Settlement Amount, or are liable for interest or penalties related thereto, Plaintiff agrees to reimburse and indemnify the Law Firm Defendants, their insurer Continental Casualty Company, and LFD's Counsel for such liability with respect to any portion of the Settlement Amount, so long as Plaintiff has been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by the Law Firm Defendants.

6. **Mutual Releases**

For and in consideration of the Settlement Amount which is a material inducement for the Parties to agree to this Settlement Agreement, and other good and valuable consideration, the sufficiency of which the Parties hereby acknowledge, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns hereby releases, waives, and forever discharges the Law Firm Defendants, together with all of their present and former principals, partners, insurers, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, instrumentalities, subdivisions, subsidiaries, heirs, administrators, and assigns, and the Law Firm Defendants, through their authorized counsel, hereby release, waive, and forever discharge the Plaintiff, his heirs, executors, administrators, successors, attorneys, insurers, and assigns from all manner of claims or actions whatsoever that were or could have been made in this Action, that the Plaintiff or the Law Firm Defendants ever had against some, any, or all of the opposing Parties, for or by reason of any act, transaction,

occurrence, omission, cause, matter, or thing whatsoever from the beginning of the world up to and including the date this Settlement Agreement is so-ordered by the Court. The releases contained in this Paragraph shall not preclude any Party from seeking to enforce the terms of this Settlement Agreement.

7. **Liens**

Plaintiff is not aware of any liens that have been asserted against the settlement payment set forth above and agrees that none of the Law Firm Defendants, their insurer Continental Casualty Company, or LFD's Counsel shall be responsible for any liens of any kind which may attach to the Settlement Amount, and that Plaintiff shall have no claim, right, or cause of action, and will hold the Law Firm Defendants, their insurer Continental Casualty Company, and LFD's Counsel harmless for the satisfaction of any such liens.

8. **Medicare Certification and Liability of Plaintiff for any Medicare Liens**

Plaintiff has already provided LFD's counsel with a Medicare Affidavit indicating that he is a Medicare Beneficiary, that there are no Medicare liens outstanding related to this Settlement and that he is not a participant in Medicare Part C. Plaintiff advises that Medicare is aware of this settlement, and Plaintiff has obtained a letter from Medicare dated July 16, 2018 ("the Medicare Letter") indicating that Medicare has not paid any claims related to this Settlement Agreement and has closed its file. Plaintiff has provided copies of both the Medicare Letter and a letter from Plaintiff's treating physician, Charles N. Cornell, M.D., indicating that no future treatment is expected concerning Plaintiff's hip injury. Plaintiff acknowledges and understands that if future medical costs are found to be necessary then Plaintiff is solely responsible for payment of any Medicare liens and any future medical treatment. Plaintiff agrees to defend, indemnify, and hold harmless the Law Firm Defendants, their insurer, Continental

Casualty Company, and LFD's Counsel, regarding any liens or past and/or future Medicare payments presently known or unknown in connection with the Action. Plaintiff agrees that he shall have no claim, right, or cause of action, against Law Firm Defendants, their insurer, Continental Casualty Company, or LFD's Counsel related to, concerning or arising from the satisfaction of any Medicare liens. The Parties recognize that the assertions and promises in this paragraph and in the Medicare Affidavit are a material inducement for the execution of this Settlement Agreement.

### 9. Unsealing Documents

Any judicial documents that have been sealed in the Action will be unsealed and made public as required by *U.S. v. County of Erie*, 763 F.3d 235 (2d Cir. 2014), with the exception of all communications between the Court and the United States prior to the United States' declination of intervention in the Action, as well as portions of documents protected from disclosure by Federal Rule of Evidence 408 and Judge Preska's Practice Rule 1.

All mediation discovery documents shall be returned to the Party who produced such documents. Since the LFD provided no mediation discovery, an Affidavit of Destruction executed by the attorney for the LFD that all mediation documents produced by Plaintiff and copies thereof in whatever format have been destroyed shall suffice for compliance with this provision.

### 10. No Other Action Initiated

Other than this Action, his motion to intervene in *Barcia*, and his appeals of the constructive denial and denial of that motion, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against the Law Firm Defendants, on his own behalf and/or on behalf of any other person; that

none of the foregoing is currently pending in any court or before any administrative or investigative body or agency; and acknowledges that this representation constitutes a material inducement for the Law Firm Defendants to enter into this Settlement Agreement.

11. **No Future Action**

Plaintiff agrees and covenants that, except as may be necessary to enforce this Settlement Agreement neither he, nor any person, organization or other entity on his behalf, will participate or attempt to intervene in, make, file, charge, claim, sue or cause or permit to be filed, charged, or claimed, any claim or civil action or legal proceeding (including any action for damages, injunctive, declaratory, monetary or other relief) against the Law Firm Defendants involving any matter related to the claims in the Action and the *Barcia* litigation. Plaintiff shall not comment to the Court concerning the Law Firm Defendants' past, present or future fees or fee applications in *Barcia*. Plaintiff acknowledges that these representations constitute a material inducement for the Law Firm Defendants to enter into this Settlement Agreement. This paragraph shall not prohibit Plaintiff from writing to the Court regarding the unsealing of documents in *Barcia*.

Plaintiff agrees not to provide any assistance, except as required by law, to anyone, other than the United States or the State of New York, in the bringing or pursuit of a False Claims Act claim or a New York *qui tam* claim based upon the allegations raised in this Action or in the *Barcia* Litigation.

12. **No Prevailing Party**

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose, including but not limited to any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13. **Third Parties**

This Stipulation is not intended for use by any third party in any other proceeding.

14. **Reserved Rights**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Plaintiff or Law Firm Defendants, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any allegation or defenses in said actions or proceedings.

15. **Binding Effect on Successors and Assigns**

This Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each Party.

16. **Authority**

All Counsel for parties to this Settlement Agreement hereby represent and warrant that they have the requisite authority to enter into this Settlement Agreement on behalf of their clients and that their clients have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

17. **Voluntary Agreement**

The Parties represent that they have consulted counsel with respect to the terms of this Settlement Agreement, and they enter into this Settlement Agreement on a voluntary basis.

18. **Negotiated Agreement**

The Parties acknowledge that each Party has participated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any Party.

19. **Entire Agreement**

This Settlement Agreement, together with the Order dismissing the FCA claims against the Law Firm Defendants, constitutes the entire agreement between the Parties and may not be modified except in a writing duly executed by the affected Parties hereto or their authorized representative(s) and approved by the Court.

20. **Severability**

If any part of this Settlement Agreement should ever be determined to be unenforceable, it is agreed that this will not affect the enforceability of any other part or the remainder of this Settlement Agreement; provided, however, that upon a finding in a judicial proceeding that any release and waiver provided for in this Settlement Agreement is illegal, void or unenforceable, the Parties agree to execute a release and waiver of comparable scope that is legal and enforceable.

21. **Headings**

Headings used in this Settlement Agreement are for convenience only and do not form a part of the Settlement Agreement.

22. **Governing Law**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

23. **Jurisdiction**

The Court presiding over the Action shall have continuing and exclusive jurisdiction to resolve all disputes arising out of or in any way relating to this Settlement Agreement.

24. **Approvals and Consents.**

After the Parties have executed this Settlement Agreement, 31 U.S.C. §3730(b)(1) requires the approval of the Court and the United States Department of Justice prior to its taking effect.

IN WITNESS WHEREOF, Counsel acknowledge that they have read this Settlement Agreement, and accept and agree on behalf of their respective clients to the provisions contained herein.

Dated: New York, New York

August ___/___, 2018

*Signatures on Following Page*

Jane Becker
Law Offices of Jane Becker Whitaker
P.O. Box 9023914
San Juan, Puerto Rico 00902
(787) 754-9191
janebeckerwhitaker@gmail.com

Steven A. Rosen
Law Offices of Steven A. Rosen
271 Madison Avenue, Suite 1404
New York, New York 10017
(212) 599-3970

*Attorneys for Plaintiff William J. Rold*

Mark K. Anesh
Philip J. Furia
Lewis Brisbois Bisgaard and Smith LLP
77 Water St., # 2100
New York, NY 10005
Mark.Anesh@lewisbrisbois.com
Philip.Furia@lewisbrisbois.com

*Attorneys for Defendants Raff & Becker, LLP, David A. Raff, and Robert L. Becker*

So Ordered

Dated: August 6, 2018

Loretta A. Preska
Senior United States District Judge